UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Paul Mathew Revell,<br>Petitioner,<br>v.<br>Nethanjah Breitenbach, *et al.*,<br>Respondents. | Case No. 3:26-cv-00009-ART-CSD<br>ORDER |

Petitioner Paul Mathew Revell seeks leave to file his second amended petition. ECF No. 12. Respondents filed a non-opposition to Revell's request as well as a motion to extend time to file their response to the first amended petition. ECF No. 15. For the reasons discussed below, the Court grants Revell's motion for leave to file a second amended petition and denies Respondents' motion to extend as moot.

Following appointment of counsel, Revell filed a first amended petition as a protective petition to plead his claims before the statutory deadline. ECF No. 11. Revell now seeks leave to file his second amended petition to allow counsel to continue to investigate the case, including review of voluminous state court records. He further requests waiver of LR 15-1(a), which generally requires a party to attach the proposed amended pleading to a motion seeking leave to amend.

Under Federal Rule of Civil Procedure 15(a)(2), leave to amend should be freely given "when justice so requires." But leave to amend "is not to be granted automatically," and the court "considers the following five factors to assess whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *In re W. States Wholesale Natural Gas Antitrust Litig.*, 715 F.3d 716, 738 (9th Cir. 2013) (internal punctuation omitted).

The Court finds that none of the factors above weighs against allowing the amendment sought here, especially as Respondents do not oppose Revell's motion. Accordingly, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, the Court finds good cause to grant Revell's motion for leave to file a second amended petition and waives the requirement of LR 15-1(a). This order does not, however, affect, in any manner, the operation of the statute of limitations in this case, and the Court does not intend this order to convey any opinion whatsoever about when the limitations period expires (or expired).

Revell will have until December 18, 2026, to file his second amended petition. In all other respects, the provisions of the scheduling order (ECF No. 10) entered following the appointment of counsel will remain in effect. As a result, Respondents' motion to extend time to file their response to the first amended petition is denied as moot.

It is therefore ordered that Petitioner Paul Mathew Revell's Motion for Leave to File Document (ECF No. 12) is granted.

It is further ordered that Revell will have until December 18, 2026, to file his second amended petition.

It is further ordered that Respondents' Motion to Extend (ECF No. 15) is denied as moot.

It is further ordered that the provisions of the scheduling order (ECF No. 10) entered following the appointment of counsel will remain in effect.

DATED THIS 22nd day of October 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE